M. J. Haden
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>GEORGE WALTON, JR.,<br><br>                Defendant. | Case No. 4:04-cr-0005-RRB<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO REDUCE SENTENCE** |

Defendant, George Walton, Jr., by and through counsel M. J. Haden, Assistant Federal Defender, respectfully moves this court for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c).  Mr. Walton was originally sentenced to a term of 188 months after pleading guilty to one count of possession of cocaine base with the intent to distribute, one count of being a felon in possession of a firearm, and one count of being a felon in possession of ammunition.  For his drug conviction, Mr. Walton's offense level was originally 26[1] (prior to a reduction for acceptance of responsibility and the application

---

[1] Although the PSR writer assessed an additional 2 levels for obstruction of justice pursuant to 3C1.1, the court declined to impose the enhancement and ordered that the paragraph assessing the adjustment be removed from the PSR.

of grouping rules found in Chapter 3 of U.S.S.G.), based on the drug quantity of 6.3 grams, and his criminal history category was VI.  The court, however, sentenced Mr. Walton as a career offender, which increased his offense level to 34.  The court then imposed a term of imprisonment of 188 months, based on the then-mandatory drug offense level guideline of U.S.S.G. § 2D1.1 and the career offender guideline of § 4B1.1.

As discussed below, based on the changes to U.S.S.G. § 2D1.1, Mr. Walton is entitled to a new sentencing.  When properly calculated pursuant to the new § 2D1.1, Mr. Walton's plea of guilty to 6.3 grams of cocaine base, even including the grouping points pursuant to § 3D1.4, his adjusted offense level would have been 25, placing him in an advisory range of 110-137 months.

I.      INTRODUCTION

On December 11, 2007, the United States Sentencing Commission voted to make retroactive its revisions to § 2D1.1 – specifically, its reduction of the offense levels for cocaine base – thereby reducing the sentencing range on which Mr. Walton's original sentence was based.  Section 3582(c), Title 18 of the United States Code therefore permits this court to reduce Mr. Walton's sentence to achieve the goals of sentencing articulated by Congress in 18 U.S.C. § 3553(a).

Although Mr. Walton was ultimately sentenced under § 4B1.1, the Supreme Court acknowledged in Gall v. United States, 128 S. Ct. 588, 591 (2007), that "the extent of the difference between a particular sentence and the recommended Guideline range is surely relevant" to any ultimate sentencing decisions.  As Mr. Walton was sentenced prior to the Court's decision in Booker, the sentencing court had no choice but to impose the

career offender guideline. However, now pursuant to 18 U.S.C. § 2582(c) and under the revision to U.S.S.G. § 1B1.10, the court must consider the difference between Mr. Walton's non-career offender guideline range and his career offender guideline range to determine if the advisory career offender sentence was "sufficient but not greater than necessary to satisfy the purposes of sentencing." This is particularly true now that the difference between that sentencing range and the non-career offender sentencing range for the same crime is even greater than before. Given the facts and arguments below, the court should grant Mr. Walton a re-sentencing.

II.   FACTUAL BACKGROUND

   A.   Mr. Walton's Conviction, Original Sentence, and Revised Sentence

On July 16, 2004, Mr. Walton pleaded guilty to charges of possession of cocaine based with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). Pursuant to then mandatory guidelines, the court determined that Mr. Walton's total offense level after consideration for grouping points and acceptance of responsibility was 25. It further determined that his Criminal History Category was VI. Mr. Walton did not dispute this initial calculation of this offense level and Criminal History Category. If he had not been sentenced pursuant to this non-career offender level, Mr. Walton's guideline range would have been 110-137.

Based on his prior convictions, however, Mr. Walton was subject to the career offender guideline found in U.S.S.G. § 4B1.1, placing him in a range of 188-235.

The parties agreed that the low end of the then mandatory range was an appropriate disposition. The court sentenced him to 188 months.

> B. The 2007 Amendments to the Sentencing Guidelines and their Partial Correction of the Crack/Powder Differential

Effective November 1, 2007, the Sentencing Commission reduced the 100-to-1 crack to cocaine ratio because of its "consistently held position that the 100-to-1 drug quantity ratio significantly undermines various congressional objectives set forth in the Sentencing Reform Act and elsewhere." See U.S.S.G. App. C amend. 706 at 229-230 (hereinafter "Amendment 706 Reasons"). Furthermore, the Commission said, "the problems associated with the 100 to 1 drug quantity ratio are so urgent and compelling that this amendment is promulgated as an interim measure to alleviate some of those problems." Id. At 230. As with the career offender guideline, discussed infra, the Commission identified as the source of the problems with the 100-to-1 ratio the creation of guideline ranges by reference only to the statutory minimum and maximum, rather than through empirical research:

> The Commission has concluded that the manner in which the Drug Quantity Table in § 2D1.1 . . . was constructed to incorporate the statutory minimum penalties for crack cocaine offenses is an area in which the Federal sentencing guidelines contribute to the problems associated with the 100-to-1 drug quantity ratio.
>
> When Congress passed the 1986 Act, the commission responded by generally incorporating the statutory mandatory minimum sentences into the guidelines and extrapolating upward and downward to set guideline sentences for all drug quantities.

Amendment 706 Reasons at 230. The Commission consequently revised § 2D1.1 as an interim – and partial – fix to these problems. It decreased by two levels the corresponding

offense levels for each quantum of crack. See U.S.S.G. App. C. Amend. 706. Now, depending on the quantity of crack that the defendant is found guilty of possessing, the crack/powder differential ranges from 25:1 to 80:1. Kimbrough v. United States 128 S. Ct. 558, 573 (2007). The Sentencing Commission voted unanimously on December 11, 2007, to make these changes retroactive effective March 3, 2008.

The Commission also issued an advisory policy statement advising that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. §3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." As noted below, the legality of this change to § 1B1.1 is in serious dispute, particularly because it is inconsistent with § 3582(c)(2) (permitting review of sentences "based on" a now-reduced sentencing range).

### C. Mr. Walton's Offense Level Under the Amended Crack Guidelines

Absent the application of the career offender guidelines, Mr. Walton's sentence under the amended § 2D1.1 would be significantly lower than what was originally imposed. He pleaded guilty to possession of 6.3 grams of crack. His base offense level is therefore 26. He would have received 2 grouping points under 3D1.4 for the firearm offenses for a total of 28. This would have been reduced by 3 levels for acceptance of responsibility for a total adjusted offense level of 25. Based on a Criminal History Category of VI, his guideline range would have been 110-137 – a difference of more than 6 years from his original sentence.

In light of the amendments to § 2D1.1 and the reasons that underlie them, Mr. Walton moves this court for an appropriate reduction in the term of imprisonment.

III.   ARGUMENT

   A.   The Supreme Court's Pertinent Rulings in Kimbrough and Gall

Shortly before the Sentencing Commission made the amended U.S.S.G. § 2D1.1 retroactive, the Supreme Court issued its decisions in Kimbrough and Gall. Both cases reaffirm the Court's decision in Booker v. United States, 543 U.S. 220 (2005), holding that the Sentencing Guidelines are merely advisory.

In Kimbrough, the Court made clear that the 100 to 1 crack/cocaine ratio was, like the rest of the guidelines, purely advisory. See 128 S. Ct. at 564. The Court then went on to point out that the crack guidelines were less deserving of district court deference because the Commission did not formulate the crack/powder differential through its usual mechanism of conducting empirical research into sentencing outcomes and then calibrating offense levels and criminal history categories to best serve the goals articulated in 18 U.S.C. § 3553(a). The court noted that the creation of the crack guidelines in this manner resulted in Sentencing Guidelines that ultimately harm the goals of sentencing. Id. at 568 (approving the Commission's analysis that the crack/powder differential 'overstates both the relative harmfulness of crack cocaine and the seriousness of most crack offenses . . . is inconsistent with the 1986 Act's goal of punishing major drug traffickers more severely than low level dealers . . . [and] fosters disrespect for and lack of confidence in the criminal justice system.").

The Supreme Court grounded this ruling in the research and recommendations of the United States Sentencing Commission itself, which has acknowledged repeatedly that the crack/powder disparity in the Guidelines is flawed. Id. Indeed, based on its research, the Commission has recommended at different times that Congress reduce the disparity to 20 to 1, 5 to 1, and as low as 1 to 10. Id. at 569. Most recently, when it submitted its proposed two-level reduction in the crack Guideline, it recommended that Congress further "substantially" reduce the ratio. Id. at 569 (citing the Commission's 2007 report).

The Supreme Court consequently ruled that sentencing courts not only may deviate from the crack/powder differential for policy reasons alone, see id. at 570, but must deviate from the guidelines where the Guidelines disserve the goals of sentencing. The Court emphasized that the parsimony provision of § 3553(a) – it requirement that sentences be "sufficient, but not greater than necessary" to achieve the goals of sentencing – is the "overarching instruction" of the sentencing statute, and that sentencing courts mast vary from the advisory guidelines as they believe is necessary to follow its ultimate command. Id. at 579. Accord Gall at 596-97 (reiterating that the district court may not apply a presumption of reasonableness to the guidelines, but instead "must make an individualized assessment based on the facts presented.").

B.  This Court has Authority to Re-Sentence Mr. Walton under Section 3582(c)

The Commission has revised § 1B1.1 to purportedly render a sentence reduction "unauthorized" under § 3582(c) in an amendment listed in § 1B1.10(c) "does not have the effect of lowering the defendant's applicable guideline range." This revision to

§ 1B1.10(c) is not only advisory, it is inconsistent with the Supreme Court's decisions in Kimbrough and Gall.  Moreover, the court must disregard the advice of the revised § 1B1.10(c) because, as applied to this case, it runs afoul of both §§ 3582(c) and 3553(a).

In sentencing Mr. Walton, the court, as well as the PSR writer, is required to start its calculation under the appropriate guideline in connection with the corresponding statute for the count of conviction – in this case §2D1.1 – before making the career offender analysis.  In deciding where within the career offender guideline range to sentence Mr. Walton, the court would have undoubtedly considered the difference between his non-enhanced range under § 2D1.1 and his status as career offender.  It then imposed a bottom of the range sentence.  Thus, the court "sentenced [Mr. Walton] to a term of imprisonment based on a sentencing range" – Mr. Walton's initial guidelines calculation under § 2D1.1 – "that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c).  Section 1B1.10(c) violates § 3553(a) because it purportedly requires sentencing courts to ignore an applicable factor, namely, "the extent of the difference between a particular sentence and the recommended guideline range."  Gall at 591.  As the Supreme Court noted in Gall, that difference is "surely relevant" to a sentencing decision.

Now that the difference between Mr. Walton's original sentence and his recommended guidelines sentence is even greater than before, this court must be free under § 3582(c)(2) to conduct a full Booker resentencing that, in particular, addresses whether the sentence under the career offender guideline is "sufficient but not greater than necessary" under § 3553(a) in light of the amended crack guideline.

This court's authority to reopen and reduce a sentence under 18 U.S.C. § 3582(c) is triggered when the original sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to" its power to "review and revise . . . the guidelines." The amendments to § 2D1.1 clearly fit within that description. Effective November 1, 2007, the Commission lowered sentencing ranges for crack offenses by two levels because, as set forth above, it found that the crack guideline over-punished crack offenders and created unwarranted disparity between them and other drug offenders. On December 11, 2007, the Commission voted to make that amended guideline retroactive. Its vote was all that is necessary to trigger this court's authority to revisit Mr. Walton's sentence under § 3582(c).

IV.   REQUEST FOR HEARING AND RE-SENTENCING

It is the defense position that the offense level of George Walton should be reduced by at least two levels from level 31 to level 29, for a sentencing range of 151 to 188. Furthermore, as the court originally considered Mr. Walton worthy of the low end of the guidelines, his drug sentence should now be no greater than 151 months, thus reducing his sentence by at least 37 months.

The court at the re-sentencing should also consider the factors set forth in 18 U.S.C. § 3553(a), which could permit a further reduction in his sentence. United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007). Mr. Walton has applied himself in prison. He has participated in both vocational and education programs and succeeded beyond expectation. As the attached documents attest (Attachment A), Mr. Walton has completed his GED, taken courses in typing, English proficiency, commercial fishing, and film studies.

In addition, he has maintained steady employment in the facilities' food service industry and landscaping duties.

Mr. Walton has demonstrated that he has been rehabilitated, and that the public safety will be served by a slightly lower sentence than the appropriately reduced guideline range. Even if Mr. Walton's drug sentence is reduced below the recommendation as stated above, he still faces a sentence of 120 months based on the firearms. A sentence of 120 months is, under 18 U.S.C. § 3553(a), "sufficient" for the statutory objectives and not "greater than necessary" for the purposes of 18 U.S.C. § 3553(a).

DATED this 16th day of June, 2008.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Assistant Federal Defender
Alaska Bar No. 0607047
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on June 16, 2008, a copy of the foregoing document, with attachments, was served electronically on:

Stephen Cooper, Esq.

/s/ M. J. Haden