NELSON P. COHEN
United States Attorney

STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: stephen.cooper@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 4:04-cr-0005-RRB |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S OPPOSITION** |
| ) | **TO DEFENDANT'S MOTION** |
| vs. ) | **FOR REDUCTION OF** |
| ) | **SENTENCE PURSUANT TO** |
| George Walton, Jr., ) | **18 U.S.C. § 3582(c)** |
| ) | |
| Defendant. ) | |
| ) | |

COMES NOW Plaintiff, United States of America, and opposes defendant

George Walton Jr.'s motion for reduction of sentence pursuant to 18 U.S.C.

§ 3582(c).

In his motion, defendant relies on a recent retroactive amendment to the

United States Sentencing Guidelines which lowered the base offense levels

applicable under USSG § 2D1.1 to cocaine base ("crack") offenses.

This amendment is inapplicable to this defendant, as it does not reduce the defendant's sentencing guidelines range.  Mr. Walton was sentenced to 188 months in prison on October 1, 2004 after pleading guilty to a three count indictment.  The counts were: 1) possession with intent to distribute more than 5 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1); 2) felon in possession of a firearm in violation of 18 U.S.C. § 922(g); and 3) felon in possession of ammunition in violation of 18 U.S.C. § 922(g).  Mr. Walton was sentenced as a career offender under U.S.S.G. § 4B1.1(b).  Based on the fact that the statutory maximum sentence for a violation of 21 U.S.C. § 841(b)(1)(B) is 40 years' imprisonment, the offense level was 34, and the criminal history category was VI. The defendant qualified for a three level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) bringing the total offense level to 31.  188 months represents the minimum sentence under the guidelines for offense level 31 with a criminal history category of VI.

I

BACKGROUND OF THE RETROACTIVE GUIDELINE AMENDMENT

Section 3582(c)(2) provides authority for the reduction of a defendant's

sentence based on a change in the Guidelines, if the Sentencing Commission

authorizes such a reduction:

> [I]n the case of a defendant who has been sentenced to a term of
>
> imprisonment based on a sentencing range that has subsequently been
>
> lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon
>
> motion of the defendant or the Director of the Bureau of Prisons, or on its
>
> own motion, the court may reduce the term of imprisonment, after
>
> considering the factors set forth in section 3553(a) to the extent that they are
>
> applicable, if such a reduction is consistent with applicable policy
>
> statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Commission has identified the

amendments that may be applied retroactively pursuant to this authority, and it has

articulated the proper procedure for implementing the amendment in a concluded

case.[1]  On December 11, 2007, the Commission issued a revised version of Section

1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C.

---

[1] Section 1B1.10 implements both 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 994(u), the latter of which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."  A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c).  See, e.g., United States v. Cueto, 9 F.3d 1438, 1440-41 (9th Cir. 1993); United States v. Perez, 129 F.3d 255, 259 (2d Cir. 1997).

§ 3582(c).  Revised Section 1B1.10(a), which became effective on March 3, 2008,

provides, in relevant part:

(1)    In General.—In a case in which a defendant is serving a term of

imprisonment, and the guideline range applicable to that defendant

has subsequently been lowered as a result of an amendment to the

Guidelines Manual listed in subsection (c) below, the court may

reduce the defendant's term of imprisonment as provided by

18 U.S.C. § 3582(c)(2).  As required by 18 U.S.C. § 3582(c)(2), any

such reduction in the defendant's term of imprisonment shall be

consistent with this policy statement.

(2)    Exclusions.—A reduction in the defendant's term of imprisonment is

not consistent with this policy statement and therefore is not

authorized under 18 U.S.C. § 3582(c)(2) if—

(A)    none of the amendments listed in subsection (c) is applicable to

the defendant; or

(B)    an amendment listed in subsection (c) does not have the effect

of lowering the defendant's applicable guideline range.

(3)    Limitation.—Consistent with subsection (b), proceedings under 18

U.S.C. § 3582(c)(2) and this policy statement do not constitute a full

4

resentencing of the defendant.

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2]  On December 11, 2007, the Commission added Amendment 706 to the list of amendments that may be applied retroactively under Section 1B1.10(c), effective March 3, 2008.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses.  The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses.  See USSG, Supplement to App. C, Amend. 706.[3]

Previously, the Commission had set the entire range in Section 2D1.1 for a

---

[2]  Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.  Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

[3]  In a separate matter, the Supreme Court recently held in Kimbrough v. United States, 128 S. Ct. 558 (2007), that district courts "may consider the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders.  However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

given quantity of crack above the applicable mandatory minimum sentence.

Under the amendment, the Commission set the offense levels so that the

mandatory minimum sentence falls within the range for the quantity of crack that

triggers that mandatory minimum penalty.  For example, a trafficking offense

involving five grams of crack cocaine requires a statutory mandatory minimum

sentence of five years imprisonment.  <u>See</u> 21 U.S.C. § 841(b)(1)(B).  The revised

guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of

at least five grams but less than 20 grams; at criminal history category I, this level

produces a range of 51-63 months, which encompasses the 60-month mandatory

minimum.

The ultimate result of the amendment is a reduction of two levels for each of

the ranges set in the guidelines for crack offenses.

## II

## <u>DEFENDANT'S SENTENCE SHOULD NOT BE REDUCED</u>

Defendant's motion must be denied because, notwithstanding the guideline

amendment, the amendment does not have the effect of lowering defendant's

guideline range.

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may be reduced

<u>only</u> when "such a reduction is consistent with the applicable policy statements

issued by the Sentencing Commission." In its revisions to Section 1B1.10, the

Commission made clear that a sentencing court is not authorized to reduce a

defendant's sentence when a retroactive amendment does not result in lowering

the applicable sentencing range for the defendant. Specifically, subsection

(a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not

consistent with this policy statement and therefore is not authorized under 18

U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the

effect of lowering the defendant's applicable guideline range." USSG § 1B1.10

(a)(2)(B) (emphasis added).

Moreover, the statutory language of § 3582(c)(2) itself authorizes a

reduction only "in the case of a defendant who has been sentenced to a term of

imprisonment based on a sentencing range that has subsequently been lowered by

the Sentencing Commission". Defendant's prison term here was not "based on a

sentencing range that has subsequently been lowered." His sentence was based on

the career offender sentencing range, which has not been lowered. Under the

version of Section 2D1.1 in effect at the time of sentencing, the defendant's base

offense level for the crack offense was 26; that would be reduced to 24 pursuant to

Amendment 706. However, as defendant was a career offender, based on his prior

convictions for other drug trafficking offenses, his base offense level was

increased to 34 pursuant to Section 4B1.1, regardless of the offense level of the

underlying offense.  That enhancement is unaffected by Amendment 706, and the

defendant's offense level remains exactly what it was at the time of sentencing.

Because the sentencing range on which defendant's term of imprisonment was

based has not been lowered and remained unaffected by the lower sentencing

range for cocaine base, § 3582(c)(2) does not authorize the reduction sought.

U.S.S.G. § 1B1.10 directs: "the court shall substitute only the amendments

listed in subsection (c) for the corresponding guideline provisions that were

applied when the defendant was sentenced and shall leave all other guideline

application decisions unaffected."  USSG § 1B1.10 (b)(1).  Accordingly, the

defendant may not receive any relief under Section 1B1.10.

Courts also agree that where, as is the case here, application of the pertinent

amendment does not result in a different sentencing range, no reduction of

sentence may occur.  See, e.g., United States v. Townsend, 98 F.3d 510, 513 (9th

Cir. 1996) (although retroactive amendment to career offender guideline changed

definition of statutory maximum, amendment did not benefit defendant given that

maximum penalty for his offense, bank robbery, was same under either definition,

and thus guideline range was same); United States v. Armstrong, 347 F.3d 905,

908 (11th Cir. 2003) (district court correctly denied motion, where defendant's

offense level was not altered by subject of retroactive amendment); <u>United States</u> <u>v. Young</u>, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where sentence actually was based on considerations not affected by retroactive guideline amendment); <u>United States v. Gonzalez-Balderas</u>, 105 F.3d 981, 984 (5th Cir. 1997) (although retroactive amendment reduced defendant's offense level, new level (44) still required sentence of life imprisonment imposed, so district court properly denied motion summarily); <u>United States v. Dorrough</u>, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (district court did not abuse its discretion in denying § 3582(c)(2) motion, where alternative means of sentencing permitted by applicable guideline produced same offense level that applied earlier); <u>United States v. Allison</u>, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where sentence would not be different under new guideline).

   Defendant argues that his sentence should be calculated on the basis of the amended cocaine base guideline, excluding consideration of the career offender provisions. This is unsupported by any applicable authority, and is contrary to all the statutory, guideline and case authority cited here. He further attacks the Sentencing Commission's policy statement excluding reduction where the cocaine base amendment "does not have the effect of lowering the defendant's applicable guideline range" (as here, where the "applicable guideline range" for career

offenders has not been lowered), § 1B1.10(a)(2)(B), the policy statement that this proceeding is not "a full resentencing of the defendant", § 1B1.10(a)(3), and the policy statement that "the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10 (b)(1).  He argues that these policies, which preclude the relief he now seeks, are contrary to Supreme Court cases that cast doubt on the advisability of the original crack-powder ratio, but those cases precede the guideline amendments of that ratio.  Nor does any Supreme Court authority disturb the statutory scheme which expressly incorporates the Sentencing Commission's policy statements on application of the new range reduction.  The statute authorizes a reduction only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).  A reduction in defendant's case would be contrary to the applicable statute, policy statement and case authority.

III

CONCLUSION

For the reasons stated above, plaintiff respectfully requests that the Court

deny defendant's motion for hearing, re-sentencing, and a sentence reduction.

RESPECTFULLY SUBMITTED this 1st day of August, 2008, at

Fairbanks, Alaska.

NELSON P. COHEN
United States Attorney

s/ Stephen Cooper
STEPHEN COOPER
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: stephen.cooper@usdoj.gov
Alaska #6911028

**CERTIFICATE**
I certify that a true and correct copy of the foregoing
**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)** is being
sent to the following counsel of record on the filing
date, via court's electronic filing notice:

M. J. Haden, Anchorage, Alaska

/s/ Stephen Cooper
Office of the United States Attorney