M. J. Haden
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West 5th Ave., #800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>GEORGE WALTON, JR.,<br><br>  Defendant. | Case No. 4:04-cr-00005-RRB<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RESENTENCING** |

### A.  Mr. Walton Can Move For A Resentencing Because His Sentence Was Based In Part On A Guideline Provision That Has Been Lowered

In his motion for resentencing, Mr. Walton argued that he can bring this motion because his sentence was based in part on a lowered guideline, and 18 U.S.C. § 3582(c) permits any defendant to bring a motion so long has his sentence was based on a subsequently lowered guideline.  Mr. Walton respectfully submits that his motion is properly before this Court.

Mr. Walton falls within the scope of § 3582(c) because the Commission lowered the sentencing ranges found in U.S.S.G. § 2D1.1, and § 2D1.1 was a necessary

part of his sentencing calculation. Although the court applied the career offender enhancement, the enhancement did not and could not be applied of its own force, and was not, in itself, a basis for punishment. Indeed, Mr. Walton would not have been sentenced without the calculation of the § 2D1.1 range. Further, it would be nonsensical to read § 3582(c) as permitting motions only when the defendant's sentence was based solely on a subsequently lowered guideline range because, post - <u>Booker</u>, every sentence must as a matter of law be based on a guideline range as well as the other § 3553(a) factors. Thus, arguing that a defendant cannot bring a § 3582(c) motion unless his sentence was based solely on a amended guideline range would mean that no post-<u>Booker</u> defendant could ever bring such a motion. Not only could the statute not have been so intended but, to the extent there is any ambiguity in § 3582(c), the ambiguity must be resolved in the defendant's favor. <u>See</u> <u>e.g.</u> <u>James v. United States</u>, 127 S. Ct. 1586, 1603 (2007). As Mr. Walton argued in this motion, § 3582(c) does not require that the final guideline range–in this case, the enhanced career offender range–be the range that was reduced. Nor does it posit that there is a single basis for every sentence, or limit relief to defendant whose original sentence was based solely on a sentence range that has been lowered. It instead makes eligible for relief any defendant who was sentenced to a term of imprisonment base at least in part on a sentencing range that has been lowered.

**B.   Policy Statement In § 1B1.10 Does Not Bind This Court**

The government cites to § 1B1.10, a policy statement, to argue that Mr. Walton May not receive any relief. The government thus argues that the policy statement acts as a statute, and is binding upon this Court. However, guideline policy statement are

advisory, not mandatory, and cannot bar relief as a matter of law. The Court must review and consider guideline policy statements, of course, but the Commission's policy is not binding on the Court. United States v. Hicks, 472 F. 3d 1167 (9th Cir. 2007); United States v. Booker, 435 U.S. 220 (2005).

**C.    This Court Should Review and Reduce Mr. Walton's Sentence**

Mr. Walton falls within the category of defendants permitted to bring a motion by way of § 3582(c) because his sentence was based in part on a guideline range that has been lowered by the Commission. He is thus legitimately before this Court – and, under Hicks, this Court should now consider all the sentencing factors found in 18 U.S.C. § 3553(a), and impose a new sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing. Mr. Walton respectfully submits that the 188 month pre-Booker sentence imposed by this Court does not comply with § 3553(a) because it is greater than necessary to comply with the purposes of sentencing and does not adequately take into account Mr. Walton's history and characteristics. Moreover, the revised § 2D1.1 and the now even greater difference between the recommended range for the underlying conduct and the enhanced range is a factor to consider in imposing a new sentence.

At his initial sentencing, Mr. Walton enhanced range was 188-235, but his offense guideline range based on the quantity of cocaine was 92-115 months. Now, his offense guideline range based on the quantity of cocaine would be 77-96 months. Mr. Walton has now been in custody over five years. Given his good conduct in custody and the great difference between the recommended offense range and the enhanced range,

Mr. Walton respectfully requests that the Court grant his motion for a new sentencing hearing.

DATED this 3rd day of September, 2008.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ M. J. Haden
Assistant Federal Defender
Alaska Bar No. 0607047
601 West Fifth Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mj_haden@fd.org

Certification:

I certify that on September 3, 2008,
the foregoing document was served electronically on:

Stephen Cooper
Assistant United States Attorney
U.S. Attorney's Office
101 12th Avenue, Room 310, Box 2
Fairbanks, AK 99701

/s/ M. J. Haden